IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| DRIBJOT S. DUA, | : | 18 U.S.C. § 1341 |
| also known as D.J. DUA, | : | (Mail Fraud); |
| | : | |
| Defendant. | : | 18 U.S.C. § 2 |
| | : | (Causing and Act to be Done); |
| | : | |
| | : | 18 U.S.C. § 981(a)(1)(c) |
| | : | 28 U.S.C. § 2461(c) |
| | : | (Criminal Forfeiture) |

**INFORMATION**

The United States Attorney informs the Court:

**COUNT ONE**

1. From on or about April 11, 2004, to on or about March 19, 2007, in the District of Columbia and elsewhere, defendant **DRIBJOT S. DUA, also known as D.J. Dua**, devised and intended to devise a scheme and artifice to defraud America's Health Insurance Plans, Inc. (AHIP), and to obtain monies and property by means of false and fraudulent pretenses and representations, to wit, $939.777.72 in monies and an additional amount in computer products.

2. It was a part of the scheme that the defendant caused AHIP, his employer, to order computer products from Network Circle, Inc. (hereinafter, Network Circle), a company wholly owned and controlled by the defendant, and to send checks for the computer products payable to Network Circle through the mails, which computer products were never delivered to AHIP and the monies for which were deposited by the defendant into a bank account in his control.

3. It was further a part of the scheme that the defendant caused his employer AHIP to order and pay for computer products from other companies which products were delivered to the defendant at his home or at AHIP's office by private common carrier and then kept by the defendant for his personal use.

(**Mail Fraud and Causing an Act to be Done,** in violation of Title 18, United States Code, Sections 1341 and 2)

## Forfeiture Allegation

The violation alleged in Count One of this Information is realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

1. As a result of the violation alleged in Count One of this Information, the defendant, **DRIBJOT S. DUA, also known as D.J. Dua**, shall forfeit to the United States any property, real or personal, involved in such violation, which constitutes or is derived from proceeds traceable to such violation including, but not limited to:

Money Judgment

$940,664.68, which represents a sum of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the mail fraud scheme, in violation of 18 U.S.C. § 1341;

Personal Property

  a. $9221.94 in funds from Bank of America bank account number 003932607565;

  b. $26,030 in U.S. currency seized;

  c. $16,000 in traveler's checks seized;

  d. Copy of Adobe Acrobat 7.0 computer program seized (valued at $269.82);

  e. Hewlett Packard computer (valued at $3589), with three Hewlett Packard plug-in hard-drives (valued at a total of $2775), seized,

which are properties constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense set forth in Count One.

2. By virtue of the commission of the felony offense charged in Count One of this Information, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c). If, as a result of any act or omission of the defendant, the property identified above:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), and incorporating by reference Title 21, United

States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

    (**Criminal Forfeiture,** in violation of Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code 2461(c))

                         JEFFREY A. TAYLOR
                         Attorney of the United States in
                         and for the District of Columbia
                         D.C. Bar No. 498610

by:   _____
       Michael C. Liebman
       Assistant United States Attorney
       D.C. Bar No. 479562
       Federal Major Crimes Section
       555 Fourth Street, N.W. Room 4231
       Washington, D.C. 20530
       (202) 353-2385