**FILED**

U.S. Department of Justice

JUL 0 6 2007

Jeffrey A. Taylor
United States Attorney


NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 19, 2007          07-cr-/60-JR

Anjali Chaturvedi, Esquire
401 Ninth Street, N.W., Suite 900
Washington, D.C.  20004
fax copy also to:  866-908-4479 (this page followed by 23
additional pages)

Re:  Investigation of Dribjot S. Dua

Dear Counsel:

        This letter sets forth the full and complete plea offer to
your client, Dribjot S. Dua, from the Criminal Division of the
Office of the United States Attorney for the District of Columbia
(hereinafter also referred to as "the government" or "this
Office"), and supersedes and replaces any and all previous
offers.  This plea offer will expire today, at 8 p.m.  If your
client accepts the terms and conditions of this offer, please
have your client execute this document in the space provided
below.  Upon receipt of the executed document, this letter will
become the Plea Agreement.  The terms of the offer are as
follows.

### Charges and Statutory Penalties

        1. Your client agrees to waive indictment, admit guilt, and
enter a plea of guilty to a one-count criminal Information, a
copy of which is attached, charging him with mail fraud, in
violation of 18 U.S.C. § 1341.  In addition, your client agrees
to pay restitution, pursuant to 18 U.S.C. § 3663A, and also
agrees to the attached consent order of forfeiture, which
includes a money judgment, pursuant to 18 U.S.C. § 981(a)(1)(C)
and 28 U.S.C. § 2465(b)(1)(C).

        2. Your client understands that pursuant to 18 U.S.C. §§
1341, 3013, 3559, 3571, and 3583, the charge of mail fraud



carries a maximum prison sentence of 20 years, a maximum period of supervised release of 5 years, and a maximum fine of $250,000, twice the gross gain your client derived from the offense, or twice the gross loss to another person caused by the offense, whichever is greatest. In addition, your client understands that he will be required to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.

## Factual Stipulations

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the guilty plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

## Sentencing Guidelines

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006, as amended) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and to assist the Court in determining the appropriate sentence, the parties make the following stipulations concerning the Sentencing Guidelines. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic or adjustment to the defendant's offense level, such as, for example, the applicability of the abuse-of-trust enhancement set forth in U.S.S.G. § 3B1.3, or for any other departure.

A. **Offense Level Under the Guidelines**

The parties agree that the base offense level for the offense of mail fraud is 7, pursuant to U.S.S.G. § 2B1.1(a)(2), and that there is a 14-level increase in the base level offense due to an actual loss to the victim of at least $400,000, but less than $1 million, pursuant to U.S.S.G. § 2B1.1(b)(1)(D).

B. **Adjustment for Acceptance of Responsibility**

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through

2

your client's allocution and subsequent conduct prior to the imposition of sentence the government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the government agrees that an additional one-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing  timely notice of your client's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

    C. **Guideline Departure**

    It is further agreed that, based upon his status as a foreign national, your client is entitled to a downward departure from the otherwise applicable guideline range of imprisonment of ten per centum, but no more than six months, pursuant to U.S.S.G. 5K2.0 and United States v. Smith, 307 U.S. App. D.C. 199, 27 F.3d 649 (1994).

                    **Agreement as to Sentencing Allocution**

    6. The parties further agree that a sentence within the applicable guidelines ranges established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a).  However, the parties agree that either party may seek a sentence outside of the applicable guideline ranges established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of those ranges based upon the factors to be considered in imposing sentence under 18 U.S.C. § 3553(a).

    7. Nothing in this Agreement limits the right of the government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, or imposition of an adjustment for obstruction of justice, see id. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

8. In addition, the government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues.  Your client further understands that the government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter or any proceedings before the Bureau of Prisons.  Your client also acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to rule 35(b) of the Federal Rules of Criminal Procedure.

**Court Not Bound by the Plea Agreement**

9. It is understood that pursuant to rule 11(c)(1)(B) and (c)(3)(B) of the Federal Rules of Criminal Procedure, the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable guidelines ranges, or other sentencing issues.  In the event that the Court considers any guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Court Not Bound by the Non-Mandatory Sentencing Guidelines**

10. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range.  The government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**Restitution**

11. In addition to penalties required by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A.  Restitution is payable immediately unless ordered otherwise by the Court.

4

### Deportation

12. Because your client is not a citizen of the United
States, he understands and acknowledges that the guilty plea in
this case may subject him to detention, deportation and other
sanctions at the direction of U.S. Bureau of Immigration and
Customs Enforcement.

### Forfeiture

13. Your client agrees to a money judgment of $940,664.68,
which he agrees constitutes proceeds he derived from his mail
fraud scheme.  At least one week prior to sentencing, your client
agrees to pay the government $160,000 in partial satisfaction of
the money judgment.  Your client understands that if he fails to
make the payment prior to one week before the sentencing in this
case, the government may seek to void this Agreement.  In order
to effectuate the forfeiture, your client agrees to the entry of
a Consent Order of Forfeiture, a copy of which is attached, in
the form of a money judgment.  Furthermore, your client agrees to
forfeit all interests in any property that constitutes or is
traceable to, or derived from, the proceeds of his offense,
including, but not limited to, the following specific property,
the values of which will be considered as additional partial
satisfaction of the money judgment, above and beyond the $160,000
required to be paid prior to sentencing, upon their forfeiture to
the government:

a. $9221.94 in funds seized from Bank of America bank
account number 003932607565;

b. $26,030 in U.S. currency seized during the execution of a
search warrant at 14802 Fable Drive, in Boyds, Maryland, on April
27, 2007;

c. $16,000 in traveler's checks seized during the execution
of the above search warrant;

d. Copy of Adobe Acrobat 7.0 computer program, valued at
$269.82, seized during the execution of the above search warrant;
and

e. Hewlett Packard computer, serial number USM53202PH,
valued at $3589 along with three Hewlett Packard hard-drive plug-
ins, valued at $925 each, seized during the execution of the
above search warrant.

14. In addition, your client agrees that the following assets are substitute assets and will be forfeited to the government pursuant to rule 32.2(e) of the Federal Rules of Criminal Procedure, and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(p)) also in partial satisfaction of the money judgment, above and beyond the $160,000 required to paid at least one week prior to sentencing:

a. $9629.83 being held by AHIP, which your client agrees constitutes the total value of both the remaining salary owed to him by AHIP for his employment during the period March 1 to March 19, 2007, and the earned but unused leave to which he may be entitled;

b. any and all funds vested in favor of your client in the America's Health Insurance Plans 401(k) Profit Sharing Plan and Trust, Plan Number 002, in the custody of Merrill Lynch Trust Company, account number 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.

To facilitate the seizure and forfeiture of the above-described substitute assets, your client agrees to execute any releases or authorizations that may be necessary and to consent to entry of any court orders as may be required to perfect the seizure and forfeiture of the above described property.

15. The money judgment will be reduced by the value received by the government of personal property previously seized upon such property's forfeiture as well as the substitute assets seized and forfeited as part of this Agreement. Your client agrees that, notwithstanding how such assets may have been titled, he owns and exercises dominion and control over every asset listed in this Agreement. A payment plan for the remainder of the money judgment may be determined by the Court at the time of sentencing.

16. From the money judgment paid by your client, the government intends to provide the victim with restitution. The government agrees that it will not oppose any request by your client that any restitution ordered by the Court as part of a sentence be offset by the value of funds turned over to the victim, by the government, through the forfeiture process.

17. Your client agrees that prior to or at the time of the sentencing, he will provide a full and complete accounting of all assets, real or tangible, held by him and Network Circle, Inc., or in any other name for his benefit, and, to that end, to submit a U.S. Probation Office forms 48 and 48B.

### Release/Detention

18. Your client acknowledges that while the government will
not seek to have your client held without bond pending
sentencing, the final decision regarding your client's  bond
status or detention will be made by the Court at the time of your
client's plea of guilty.  Should your client engage in further
criminal conduct prior to sentencing, however, the government may
move to change your client's conditions of release.

### Time of Sentencing

19. The government agrees not to oppose your client's
request to the Court that sentencing in this matter be postponed
to a date no more than six months after entry of the guilty plea,
in order to facilitate your client's ability to make the $160,000
payment due no later than one week before sentencing, as
described in paragraph 13.  Furthermore, the government agrees
that if the Court instead chooses to proceed to sentencing
earlier than six months after entry of the guilty plea, and your
client fails to make such payment sooner than one week prior
thereto, the government will not consider that failure, under
those circumstances, to constitute a breach of the Agreement.
Nevertheless, your client understands that the date to be set for
sentencing is the province of the Court and your client will not
be permitted to withdraw his guilty plea or vacate this Agreement
merely because the Court sets sentencing date or proceeds to
sentencing sooner than six months after entry of the guilty plea.

### Breach of Agreement

20. Your client understands and agrees that if, after
entering this Plea Agreement, your client fails specifically to
perform or to fulfill completely each and every one of your
client's obligations under this Plea Agreement, or engages in any
criminal activity prior to sentencing, your client will have
breached this Plea Agreement.  In the event of such a breach:
(a) the government will be free from its obligations under the
Agreement; (b) your client will not have the right to withdraw
the guilty plea; (c) your client  shall be fully subject to
criminal prosecution for any other crimes, including perjury and
obstruction of justice; and (d) the government will be free to
use against your client, directly and indirectly, in any criminal
or civil proceeding, all statements made by your client and any
of the information or materials provided by your client,
including such statements, information and materials provided
pursuant to this Agreement or during the course of any
debriefings conducted in anticipation of, or after entry of this

Agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

21. Your client acknowledges discussing with you rule 11(f) of the Federal Rule of Criminal Procedure and rule 410 of the Federal Rules of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules, regarding any statements made after entering this Plea Agreement.

22. Your client understands and agrees that the government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

23. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

24. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

25. By entering this plea of guilty, your client  waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the government.  Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the government and will therefore not be available for DNA testing in the future.

### Complete Agreement

26. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

27. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

28. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you.

Sincerely,

Michael C. Liebman
Assistant United States Attorney
353-2385

att.

9

## CLIENT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Anjali Chaturvedi, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 7/6/07

_____
Dribjot S. Dua


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 7/6/07

_____
Anjali Chaturvedi, Esquire
attorney for Dribjot S. Dua

STATEMENT OF OFFENSE

On or about March 5, 2003, the corporation Network Circle,
Inc. (hereinafter "Network Circle"), was established in Maryland
with the defendant, Dribjot S. Dua also known as D.J. Dua, as the
sole member of the board of directors, and the principal office
of the corporation being the defendant's then-residence in
Gaithersburg, Maryland.  On or about March 11, 2003, the
defendant opened a bank account in Bank of America in the name of
Network Circle, and identified himself as the only person to act
for the company with respect to the bank account.  On or about
October 8, 2003, the defendant began renting a post office box in
the name of Network Circle, at a post office in Gaithersburg.

On or about November 30, 2005, the defendant changed the
address of the principal office of Network Circle to that of the
address of his new residence in Boyds, Maryland.

From on or about April 11, 2004, to on or about March 19,
2007, the defendant was employed as a manager in the information
technology (IT) department of America's Health Insurance Plans,
Inc. (AHIP), a trade association with offices located at 601
Pennsylvania Avenue, N.W., Washington, D.C.

In his capacity as an IT manager, the defendant was
authorized to make purchases on behalf of AHIP from IT vendors
for computer hardware, computer software, and computer software
licenses, for use in AHIP's offices in Washington, D.C.  Between
May 2004 and January 2007, the defendant authorized payment of

invoices from Network Circle for computer hardware and software, and computer software licenses, ostensibly for delivery to and use by AHIP at its offices in Washington, D.C.  The products described on the invoices were legitimate items manufactured or developed by other companies that were, ostensibly, being distributed or re-sold to AHIP by Network Circle.  Each Network Circle invoice indicated an address for that company at the post office box rented by the defendant in Gaithersburg.

The Network Circle invoices were paid for by AHIP checks payable to Network Circle.  AHIP would occasionally mail the checks to the post office box, but more often the defendant requested that the checks be given to him to deliver, through means unknown, since he was the person ostensibly interacting with Network Circle on behalf of AHIP.

During the period of defendant's employment at AHIP, AHIP wrote 71 checks to Network Circle totaling $939,777.72.  The funds from these checks were all deposited into the Bank of America account opened by the defendant.

None of the computer products that AHIP paid Network Circle for was ever delivered to or used by AHIP.

In his capacity as AHIP's IT manager, the defendant also authorized payment by AHIP to legitimate vendors, including CDW, for various computer products, ostensibly to be used by AHIP at their offices in Washington, D.C.  The defendant typically

2

instructed these companies to send the products by Fed Ex to his personal attention at AHIP's office address. However, as to several items the defendant, without authorization from AHIP, instructed the companies to deliver the items, via Fed Ex, to his Boyds residence.

On April 27, 2007, during a search warrant executed at the defendant's Boyds residence, several items were seized, including: (1) an unopened copy of Adobe STD 7 WIN software, valued at $269.82, that the defendant had ordered on May 26, 2005 from CDW, with instructions to deliver it to his residence in Boyds; (2) a Hewlett Packard computer server, valued at $3589, that the defendant ordered from CDW on August 23, 2005, also with instructions to have it delivered to his Boyds residence; and (3) three Hewlett-Packard hard-drive plug-ins, valued at $925 each, that the defendant had ordered from CDW on September 8, 2005, with instructions to deliver them to him at AHIP's offices. All of these items had been paid for by AHIP.

In addition, AHIP records reveal that the defendant also ordered the following additional items, at AHIP expense, with instructions to deliver them to his residence in Boyds:

(1) APS Back-UPS battery back-up, and external battery, valued at a total of $352.96; and

(2) Hewlett Packard LaserJet printer, with Kingston memory card, valued at a total of $534.

3

None of these items was recovered during the search of the Boyds residence, and none of them was ever received by AHIP.

## Defendant's Acceptance of Statement of Offense

I have read this Statement of Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.

Date: 7/6/07

_____
Dribjot S. Dua, defendant

## Defense Counsel's Acknowledgment

I am the attorney for defendant Dribjot S. Dua. I have reviewed every part of this Statement of Offense with him. It accurately and completely sets forth the Statement of Offense and agreed to by the defendant and the government.

Date: 7/6/07

_____
Anjali Chaturvedi, Esquire
counsel for defendant Dribjot S. Dua

5