FILED

MAR 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 07-160 (JR) |
| v. | : |
| DRIBJOT S. DUA, | : |
| Defendant. | : |

### FINAL ORDER OF FORFEITURE

WHEREAS, on July 6, 2007, defendant Dribjot S. Dua entered a plea of guilty to a one-count Information charging him with mail fraud, in violation of 18 U.S.C. § 1341;

WHEREAS, the Information also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to Title 28, United States Code, Section 2461(c) (incorporating Title 18, United States Code, Section 981(a)(1)(C)), as property constituting, derived from, or traceable to proceeds obtained from the commission of the offense set forth above;

WHEREAS, in his plea agreement, the defendant expressly agreed and consented to the entry of an Order of Forfeiture, under Fed. R. Crim. P. 32.2, which concerns property subject to forfeiture, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), as property constituting, or derived from proceeds obtained, directly or indirectly from the mail fraud scheme (or property subject to forfeiture as substitute property pursuant to 18 U.S.C. § 982(b)'s incorporation of 21 U.S.C. § 853(p));

WHEREAS, this Court has determined, based on the evidence set forth during the defendant's guilty plea, that the "Subject Properties" are subject to forfeiture pursuant to 28

U.S.C. § 2461(c)'s incorporation of 18 U.S.C. § 981(a)(1)(C), and that the Government has established the requisite nexus between the Subject Properties and the defendant's commission of a mail fraud scheme in violation of 18 U.S.C. § 1341; and

WHEREAS, no third party has sought, pursuant to 21 U.S.C. § 853(n), to assert a legal interest in the Subject Properties, and to request a judicial determination of the validity of any such legal interest in any of the Subject Properties;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. THAT the following Subject Properties are declared forfeited to the United States, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C):

MONEY JUDGEMENT

$931,034.85 which constitutes proceeds defendant derived from the mail fraud scheme.[2]

PERSONAL PROPERTY

$32,210.4̶0̶ 8̶ in funds from defendant's 401K plan provided to the government by defendant on October 22, 2007;

$30,000.00 in funds provided to the government by the defendant on January 25, 2008 pursuant to the plea agreement;

---

[1] 21 U.S.C. §§ 853 and 881 incorporate into criminal forfeiture the civil procedural rules to the extent they are not inconsistent. Additionally, the Attorney General has also adopted the civil procedural Rules for criminal forfeiture as permitted by 21 U.S.C. § 853(n). Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, which sets forth civil forfeiture procedures, does not require notice of forfeiture by publication if the value of the property is less than $1,000, and all reasonably identifiable potential claimants have been directly notified. In this matter, only one of the Subject Properties appear to be worth more than $1,000, and the potential claimants have been notified of the forfeiture. Nonetheless, publication of the instant forfeiture is scheduled in the Washington Times for March 7, 14, and 21, 2008. The government will inform the Court should a third party submit a claim.

[2] The money judgment has been reduced by $9,629.83 because the defendant released that amount in unpaid salary and benefits directly to the victim, AHIP.

$18,000.00 in funds provided to the government by the defendant on March 14, 2008;

$2,000.00 in funds provided to the government by the defendant on March 14, 2008;

Copy of Adobe Acrobat 7.0 computer program, valued at $269.82, seized during the execution of a search warrant; and

Hewlett Packard computer, serial number USM53202PH, valued at $3589.00, along with three Hewlett Packard hard-drive plug-ins, valued at $925 each, seized during the execution of a search warrant.

2. The money judgement will be reduced by the value received by the government of personal property seized, upon such property's forfeiture.[3]

3. THAT all right, title, and interest to each of the aforementioned Subject Properties is hereby vested in the United States of America and the Subject Properties shall be disposed of in accordance with the law.

4. THAT the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

---

[3] The following personal properties are being forfeited through the administrative forfeiture process: $9,221.94 in funds from Bank of America bank account number xxxxxxxx7565; $26,030.00 in U.S. currency seized during the execution of a search warrant at 14802 Fable Drive, in Boyds, Maryland, on April 27, 2007; $16,000.00 in traveler's checks seized during the execution of the above search warrant. Pursuant to the plea agreement, to the extent that the government receives the value of the above listed assets ($51,251.94) through the administrative forfeiture process, the defendant will be credited with partial satisfaction of the money judgment.

5. THAT the Clerk of the Court is directed to forward a certified copy of this Order to the United States Marshals Service and to the Government's counsel of record.

Dated this ___20th___ day of ___March___, 2008.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE